BERNICE BOUIE DONALD, Circuit Judge, dissenting. DISSENT I concur in the majority’s characterization of the legal standard and the fact that “[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender’s rehabilitation.” Tapia v. United States, 564 U.S. 319, 332, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011). However, the facts and record here do not suggest that the district court did so, or that it failed to set forth a rationale independent of rehabilitative concerns. Respectfully, I dissent. The standard of review for this case is abuse of discretion. Under this standard, this Court is to presume that Rucker’s within-Guidelines sentence is reasonable, see United States v. Vonner, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), unless the district court based it on impermissible factors, United States v. Greco, 734 F.3d 441, 450 (6th Cir. 2013), such as to promote rehabilitation, Tapia, 564 U.S. at 332, 131 S.Ct. 2382. Despite the majority opinion, it is not clear that the district court relied on such factors. Section 3553(a) enumerates several factors for consideration at sentencing including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the purposes of sentencing, i.e., retribution, deterrence, incapacitation, and rehabilitation, the kinds of sentences available, the sentencing range established by the guidelines, and any relevant policy. 18 U.S.C. § 3553(a). Before any mention of Residential Drug Abuse Program (RDAP), the district court judge stated: I’ve reviewed the record. I’ve spent a fair amount of time on your case, Mr. Rucker. I’ve looked at your past history. I’ve looked at the original criminal docket that brought you into the federal system. I’ve carefully reviewed the report that was prepared by probation, and I note that you stipulated to the accuracy of those violations, despite now arguing a bit about them. I’ve considered the fact that, back in July, all of the participants here, including the court, cut you a break, and we put off a final determination in order to allow you to participate in that program in Bowling Green. (R. 60 Final Revocation Hrg. Tr. at 13.) Although the judge did not list every 18 U.S.C. § 3553(a) factor, he clearly considered several. The judge then stressed that “[t]hese are serious violations” and whether it is rooted in addiction, “these are still serious violations, and the guidelines provide a range of 21 to 27 months based on this.” (Id. at 14.) The judge subsequently observed that “[i]n order to qualify for [RDAP], one must have 22 months’ sentence,” and noted that the twenty-four-month sentence “falls within the guideline range.” (Id.) - In response to Rucker’s objection that the court had impermissibly lengthened Rucker’s sentence, the district judge' expressly said “[t]he fact that the RDAP program requires a defendant to have 22 months remaining on their sentence [was] hot the deciding factor for [him] in imposing [Rucker’s] sentence.” (Id. at 17-18.) The judge explained “[i]t is a guideline sentence that [was] appropriate irrespective of that BOP regulation.” (Id.) Finally, citing 18 U.S.C. § 3621(b)(4), the 'judge orally stated he “strongly recommend[ed]” BOP evaluate Rucker for RDAP placement, (Id. at 80), and included a similarly strong recommendation in his written commitment order. (R. 67, Order at 2.) These statements were consistent with Tapia and Deen, which held “a court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment ... programs.” United States v. Deen, 706 F.3d 760, 768 (6th Cir. 2013) (quoting Tapia, 564 U.S. 319, 333, 131 S.Ct. 2382, 180 L.Ed.2d 357 (2011)). Accordingly, “urgfing] the BOP to place an offender in a prison treatment program” is permissible under Tapia. Deen, 706 F.3d at 768. And one comment from the court—that treatment eligibility was not the deciding factor, thus plausibly implying it was a factor—does not destroy all reasonableness of the sentence, particularly given the deference due to the district court. Indeed, while the majority states that Rucker’s RDAP eligibility appears to have been an “important factor,” it is unclear that is the case. As the district court implied, it may well be just a fortuitous benefit. Thus, the district court’s statement that in order to qualify for RDAP one must have twenty-two months remaining on th'eir sentence, and that Rucker’s twenty-four month sentence qualified him for the program, does not indicate the court calculated the length of Rucker’s sentence to ensure that he receive drug rehabilitation services. The district court transcript shows that the court took the pertinent § 3553(a) factors and the totality of the circumstances into account in determining Rucker’s sentence. Rucker’s claim to the contrary does not overcome the “presumption of reasonableness” that his within-Guidelipes sentence is due. Therefore, I dissent.